IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RYAN TOMLINSON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-25-4009 |
| DEPARTMENT OF TREASURY, et al., | * | |
| | * | |
| Defendants. | | |

***

**<u>MEMORANDUM OPINION</u>**

THIS MATTER is before the Court on Defendants Comptroller of Maryland ("Comptroller") and District of Columbia Office of Tax and Revenue's ("OTR") Motions to Dismiss (ECF Nos. 9, 11). The United States, acting as an interested party, also has filed a Motion to Dismiss. (ECF No. 13). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2025). For the reasons set forth below, the Court will grant the Motions.

## I. BACKGROUND[1]

Self-represented Plaintiff Ryan Tomlinson has filed suit in this Court, alleging various tax-related causes of action against the Comptroller, the OTR, the Internal Revenue Service ("IRS"), and the IRS Independent Office of Appeals ("IOA"). (Compl. at 2–3, 6–7, ECF No. 1; Suppl. Filing at 5–6, ECF No. 1-1).[2] The Complaint, as Defendants observe,

---

[1] Unless otherwise noted, the Court takes the following facts from the Complaint (ECF No. 1) and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

[2] Unless otherwise noted, citations to page numbers refer to the pagination assigned by the Court's Case Management/Electronic Files ("CM/ECF") system.

is "difficult to discern." (Comptroller Mem. L. Supp. Mot. Dismiss ["Comptroller Mot. Dismiss"] at 3, ECF No. 9-2; OTR Mem. L. Supp. Mot. Dismiss ["OTR Mot. Dismiss"] at 3, ECF No. 11; U.S. Mem. L. Supp. Mot. Dismiss ["U.S. Mot. Dismiss"] at 10, ECF No. 13-2). Construing the Complaint liberally, however, Tomlinson appears to allege that the IRS engaged in "aggressive [and] hostile behavior in violation of [the] taxpayer bill of right[s] . . . and federal human and civil rights"; failed to provide her advance notice of tax penalties and charges; violated a statute of limitations and altered records by remitting her tax refunds to the OTR; and refused to process documents to "clear the errors" at the OTR. (Compl. at 6; Suppl. Filing at 5). As to the Comptroller and the OTR, Tomlinson alleges that Maryland, the District of Columbia, and Texas all have imposed a "[t]ax hold burden" on her; that the Comptroller and the OTR each denied Tomlinson payments of $22,000 to which she allegedly is entitled; that the Comptroller violated the "tax payer bill of rights" in myriad ways, including through verbal harassment and unprofessional conduct towards Tomlinson; that the Comptroller "illegally extract[ed] monies" from her; and that the OTR has imposed an illegal garnishment against her. (Compl. at 6; Suppl. Filing at 5–6).

Mixed in with Tomlinson's tax-related claims are allegations of tortious conduct by Defendants, including "[h]ate [c]rimes, [v]iolence, discrimination," fraud, slander, and libel. (Compl. at 6; Suppl. Filing at 5–6). In some instances, Tomlinson directs these claims at Defendants. (Compl. at 6; Suppl. Filing at 5–6). In others, Tomlinson directs these claims at certain Maryland state law enforcement agencies that are not named as defendants in this action. (Compl. at 6).

Tomlinson seeks monetary relief totaling $1,315,000 from the IRS, $1,414,000 from the Comptroller, and $1,272,000 from the OTR. (Compl. at 7; Suppl. Filing at 7). Tomlinson also requests a declaration that Texas is the only state with "jurisdiction of [her] taxes" so that Washington, D.C. and Maryland will be enjoined from collecting taxes from her. (Suppl. Filing at 8).

Tomlinson filed the Complaint on December 8, 2025. (ECF No. 1). The Comptroller and the OTR each filed a Motion to Dismiss on December 29, 2025 and January 13, 2026, respectively. (ECF Nos. 9, 11). The United States, as an interested party, filed a Motion to Dismiss on January 29, 2026. (ECF No. 13). On February 3, 2026, Tomlinson filed a "Petition/Motion---Oppose Dismissal of the Case Without Order or Rule and Ruling to Final Fines," which the Court construes as an Opposition to the Motions to Dismiss. (ECF No. 15). The Comptroller filed a Reply on February 17, 2026. (ECF No. 16). To date, neither the OTR nor the United States has filed a Reply.

## II.    DISCUSSION

### A.    <u>Standard of Review</u>

Federal Rule of Civil Procedure 12(b)(1) requires a plaintiff to establish the Court's subject-matter jurisdiction by showing the existence of either a federal question under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. A plaintiff may establish federal question jurisdiction by asserting a claim that arises from a federal statute or from the U.S. Constitution. Fed.R.Civ.P. 12(b)(1). To show that the claim arises on one of these bases, the federal question must appear "on the face of the plaintiff's properly pleaded complaint." <u>AES Sparrows Point LNG, LLC v. Smith</u>, 470 F.Supp.2d 586, 592 (D.Md.

2007) (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)). When a party challenges subject-matter jurisdiction, however, the Court may consider "evidence outside the pleadings" to resolve the challenge. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (citation omitted).

A defendant challenging a complaint under Rule 12(b)(1) may advance a "facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of the complaint [are] not true.'" Hasley v. Ward Mfg., LLC, No. RDB-13-1607, 2014 WL 3368050, at *1 (D.Md. July 8, 2014) (quoting Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009)). When a defendant raises a facial challenge, the Court affords the plaintiff "the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Kerns, 585 F.3d at 192 (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). As such, the Court takes the facts alleged in the complaint as true and denies the motion if the complaint alleges sufficient facts to invoke subject-matter jurisdiction. Id. Additionally, the Court liberally construes pleadings filed by self-represented litigants and holds such pleadings to a less stringent standard than those filed by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Such liberal construction, however, "does not absolve [a] Plaintiff from pleading a plausible claim." Desgraviers v. PF Frederick, LLC, 501 F.Supp.3d 348, 351 (D.Md. 2020) (quoting Bey v. Shapiro Brown & Alt, LLP, 997 F.Supp.2d 310, 314 (D.Md. 2014)).

4

**B.**     <u>Analysis</u>

Defendants all seek dismissal under Rule 12(b)(1) for lack of subject-matter jurisdiction. (Comptroller Mot. Dismiss at 7–13; OTR Mot. Dismiss at 8–10; U.S. Mot. Dismiss at 11–17).[3] As explained below, the Court agrees that it does not have subject-matter jurisdiction and, as a result, will grant the Motions to Dismiss.

**1.     Proper Defendants**

As a preliminary matter, the United States argues that it should replace the IRS and the IOA as the proper federal Defendant in this action because, "[i]n tax-refund suits and suits for damages related to tax collection, a suit against the Unites States is the exclusive remedy." (U.S. Mot. Dismiss at 10). Indeed, "[i]t is well-settled that the I.R.S. cannot sue or be sued and that the proper party in actions involving federal taxes is the United States of America." <u>U.S., on Behalf of I.R.S. v. Filipovits</u>, No. MJG-95-3049, 1996 WL 627412, at *2 (D.Md. Aug. 27, 1996); <u>see also</u> <u>Coble v. Wilkins</u>, No. 1:11CV211, 2012 WL 665976, at *1 (M.D.N.C. Feb. 29, 2012) (collecting cases and stating that, in cases concerning the "tax collection process and actions taken by the individual employees in their official capacities, . . . the United States, not its agencies or employees," is the proper defendant), <u>report and recommendation adopted</u>, No. 1:11CV211, 2012 WL 1450047 (M.D.N.C. Mar. 20, 2012), <u>aff'd</u>, 475 F.App'x 17 (4th Cir. 2012). The Court, therefore, will direct the Clerk to replace the IRS (noted as the Department of Treasury on the docket) and the IOA (noted

---

[3] Defendants also seek dismissal under Rule 12(b)(6) for failure to state a claim. (Comptroller Mot. Dismiss at 14–17; OTR Mot. Dismiss at 11–13; U.S. Mot. Dismiss at 17). Because the Court will grant the Motions due to a lack of subject-matter jurisdiction, the Court declines to address Defendants' arguments under Rule 12(b)(6).

as the IRS on the docket) with the United States. (See Compl. at 2–3 (listing "Department of Treasury Internal Revenue Service" and "Internal Revenue Service – IRS – Independent Office of Appeals" as Defendants)).

In a similar vein, the OTR challenges its involvement in this suit because it is not suable as a separate entity, absent explicit statutory authority. (OTR Mot. Dismiss at 7). As the OTR notes, correctly, "agencies and departments within the District of Columbia government are not suable as separate entities. . . ." (Id. (quoting Cmty. Hous. Tr. v. Dep't of Consumer & Regul. Affs., 257 F.Supp.2d 208, 217 (D.D.C. 2003))). Thus, as a subordinate office within the Office of the Chief Financial Officer of the District of Columbia, see D.C. Code Ann. § 1-204.24a(c)(2), the OTR is "not suable as [a] separate entit[y]," Cmty. Hous. Tr., 257 F.Supp.2d at 217 (quoting Does I through III v. District of Columbia, 238 F.Supp.2d 212, 222 (D.D.C. 2002)) (dismissing suit against the OTR and other offices). The Court, therefore, will dismiss Tomlinson's claims against the OTR.

**2.     The Comptroller's Eleventh Amendment Immunity**

Turning now to the remaining Defendants' jurisdiction arguments, the Comptroller argues that the Eleventh Amendment bars all of Tomlinson's claims against it. (Comptroller Mot. Dismiss at 8–11). "It is well established that a non-consenting state" and its agencies are "immune from a suit brought in a federal court by its own citizens" or by citizens of other states. Kuypers v. Comptroller of Treasury of Md., 173 F.Supp.2d 393, 395–96 (D.Md.) (citations omitted), aff'd sub nom. Kuypers v. Comptroller of Treasury for Md., 21 F.App'x 161 (4th Cir. 2001); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (holding that Eleventh Amendment immunity extends to state agencies

and applies to suits brought by a state's own citizens as well as citizens of other states (citations omitted)). "This jurisdictional bar applies regardless of the nature of the relief sought." Halderman, 465 U.S. at 100.

Here, there is no dispute that "the Comptroller is an arm of the state entitled to Eleventh Amendment immunity," and no statute or evidence in the record indicates that the Comptroller waived its immunity or consented to this type of suit. Waheed v. Maryland, No. GLR-20-1931, 2021 WL 4942674, at *6 (D.Md. Oct. 22, 2021), aff'd as modified sub nom. Waheed v. Off. of Comptroller, No. 21-2293, 2022 WL 910614 (4th Cir. Mar. 29, 2022); see also MediGrow, LLC v. Natalie M. LaPrade Med. Cannabis Comm'n, 487 F.Supp.3d 364, 373 (D.Md. 2020) ("[W]hile the Maryland Tort Claims Act, Md. Code Ann., State Gov't § 12-101, et seq., effectuates a limited waiver of sovereign immunity to actions brought in state court, it 'has no effect on the immunity afforded by the Eleventh Amendment for suits in federal courts.'" (quoting Taylor v. Somerset Cnty. Comm'rs, No. RDB-16-0336, 2016 WL 3906641, at *5 (D.Md. July 19, 2016))). Tomlinson's claims against the Comptroller, therefore, must be dismissed.

### 3.    The United States' Sovereign Immunity

The United States also contends that its sovereign immunity bars Tomlinson's claims against it. (U.S. Mot. Dismiss at 11–17). "Under the sovereign immunity doctrine, the United States generally 'may not be sued without its consent,'" unless a statute explicitly waives the United States' sovereign immunity for the relevant cause of action. Lewis v. United States, No. DKC-22-2566, 2023 WL 3304890, at *2 (D.Md. May 8, 2023) (quoting Strickland v. United States, 32 F.4th 311, 363 (4th Cir. 2022)). A waiver of the

United States' sovereign immunity is a "prerequisite for jurisdiction," and "[t]he plaintiff bears the burden of showing that the government has waived sovereign immunity at the motion to dismiss stage." Robinson v. U.S. Dep't of Educ., 917 F.3d 799, 801 (4th Cir. 2019) (quoting United States v. Mitchell, 463 U.S. 206, 212 (1983)).

In this case, Tomlinson has not identified any basis for a waiver of the United States' sovereign immunity. First, to the extent Tomlinson challenges the use of her federal tax refund to pay her D.C. tax obligations, such a claim is barred by 26 U.S.C. § 6402(g), which states that "[n]o court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review a reduction authorized by subsection (c), (d), (e), or (f)." id.; see also id. §§ 6402(a), (c) (authorizing IRS to put a person's tax overpayment towards the person's past-due state tax obligations if the state notified the IRS of such obligations).

Second, insofar as Tomlinson seeks a refund of taxes unlawfully assessed or a tax refund unlawfully withheld, she may only bring such a claim for the recovery of taxes or penalties that she has already paid. See Flora v. United States, 362 U.S. 145, 150–51 (1960). Tomlinson also cannot file a tax refund suit unless and until she files a timely administrative claim for a refund or credit with the IRS. See 26 U.S.C. §§ 6511(a), 7422(a). Tomlinson then may file a tax refund lawsuit only if (1) more than six months have passed since she filed the administrative claim, and the IRS did not render a decision on her claim during that time, or (2) the IRS issued a notice of disallowance within the past two years. Id. § 6532(a)(1). Tomlinson has alleged no facts indicating that she satisfied any of these

jurisdictional prerequisites before filing this lawsuit.[4] See Lewis v. Sandler, 498 F.2d 395, 399–400 (4th Cir. 1974) (stating that in order for district court to invoke jurisdiction over tax recovery actions, "the taxpayer . . . must file a claim for a refund, and suit may not be instituted until the expiration of the statutory period for consideration of the claim by the" IRS); Beckwith Realty, Inc. v. United States, 896 F.2d 860, 862 (4th Cir. 1990) ("Section 7422(a) requires the filing of a timely claim for refund before a district court can obtain jurisdiction over a tax refund action . . . .").

Third, as to any tort claims Tomlinson brings against the United States, the Federal Tort Claims Act ("FTCA") requires a claimant to file an administrative claim with the appropriate federal agency before initiating a claim against the United States for money damages. 28 U.S.C. § 2675(a). Tomlinson does not allege facts demonstrating that she satisfied this requirement. Even if Tomlinson had done so, however, the FTCA carves out an exception to its immunity wavier for "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty . . . ." Id. § 2680(c). "[T]his exception applies to any suit involving 'activities that are even remotely related to the assessment or collection' of 'a specific tax debt.'" Lewis, 2023 WL 3304890, at *3 (quoting Perkins v. United States, 55 F.3d 910, 915 (4th Cir. 1995)). In this case, Tomlinson's claims against the United States focus on the assessment or collection of taxes and IRS agents' behavior in

---

[4] Tomlinson filed a Supplement to the Complaint that contains some correspondence from the IRS, but the Court cannot determine whether these correspondences relate to an administrative claim for a refund or whether Tomlinson filed any such claim within the required timeframe. (1st Suppl. at 9–31, ECF No. 5-1). It is also unclear whether Tomlinson paid the taxes that she now seeks to recover.

connection with such activities. (See Suppl. Filing at 5 (stating that IRS did not notify her before imposing penalties and did not fix alleged errors in the OTR's tax assessment against her before applying a portion of her federal tax refund to her D.C. state-tax obligations); see also 2d Suppl. at 1, ECF No. 4-1 (IRS letter notifying Tomlinson that IRS refund was applied to her D.C. tax debt)). Thus, even if Tomlinson had completed the FTCA's administrative filing requirement, § 2680(c) bars her claims.

Tomlinson also has not established the Court's jurisdiction under 26 U.S.C. § 7433, which provides the "exclusive remedy for recovering damages resulting from" an IRS officer or employee's reckless, intentional, or negligent disregard for the Internal Revenue Code and its related regulations when engaged in actions connected to federal tax collection. Id. § 7433(a). Like § 7422 and the FTCA, § 7433 imposes a pre-suit administrative exhaustion requirement and a time limit on when a taxpayer may file suit. Id. § 7433(d)(1). Tomlinson has not alleged that she exhausted the IRS's administrative remedies, and, based on Tomlinson's allegations that Defendants' challenged conduct began in 2010 and persisted in 2015, (Compl. at 6), any potential claims under § 7433 appear to be time-barred, see 26 U.S.C. § 7433(d)(3) (stating that an action under § 7433 "may be brought only within 2 years after the date the right of action accrues"); see, e.g., Zinstein v. United States, 584 F.App'x 100 (4th Cir. 2014) (per curiam) (affirming dismissal of a § 7433 action for lack of jurisdiction because it was filed beyond § 7433's two-year limitations period).

Finally, to the extent Tomlinson alleges "crue[l] [and] unusual treatment" or constitutional violations, (Compl. at 4–5), there is no "direct action for damages against

10

federal agencies" for agency employees' alleged constitutional violations, F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994); see also Reinbold v. Evers, 187 F.3d 348, 355 n.7 (4th Cir. 1999) ("While Bivens [v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971),] actions allow for recovery of money damages against federal officials who violate the United States Constitution in their individual capacities, Bivens does not allow for recovery of money damages, or suits in general, against the government itself.")

At bottom, Tomlinson has failed to establish that this Court has subject-matter jurisdiction over any of her claims against the United States.

### 4.      Statutory Bars to Injunctive Relief

Lastly, the Comptroller and the United States both argue that, in addition to the jurisdictional bars discussed above, the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201(a), the Anti-Injunction Act ("AIA"), 26 U.S.C. § 7421(a), and the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, prohibit the declaratory and injunctive relief that Tomlinson seeks. (Comptroller Mot. Dismiss at 11–13; U.S. Mot. Dismiss at 11–12). This Court agrees.

As to any declaratory or injunctive relief sought against the United States, the DJA allows federal courts to "declare the rights and other legal relations of any interested party seeking such declaration," "except with respect to Federal taxes . . . ." 28 U.S.C. § 2201(a) (emphasis added). Additionally, the AIA states that, with some exceptions that do not apply here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). Together, these statutes bar

Tomlinson's suit insofar as she seeks to enjoin the United States from collecting taxes from her. (Suppl. Filing. at 8 (asking Court to declare Texas as the only state with jurisdiction over her taxes and to enjoin Maryland and Washington, D.C. from collecting taxes against her)); see, e.g., Rueda v. Yellen, No. 22-1584, 2023 WL 8271939, at *2 (4th Cir. Nov. 30, 2023) (affirming dismissal of plaintiff's suit as barred by DJA and AIA where plaintiff "sought to enjoin the defendants from depriving a tax credit to certain eligible individuals"); Floyd v. United States, No. 3:10-CV-00066-W, 2010 WL 2791291, at *3–4 (W.D.N.C. July 14, 2010) (finding that DJA and AIA barred plaintiff's suit where he sought to enjoin the U.S. from executing a Notice of Seizure that the IRS had issued against him), aff'd sub nom., Floyd v. Comm'r, 414 F.App'x 562 (4th Cir. 2011).

As to any declaratory or injunctive relief sought against the Comptroller, the TIA provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341; see also El-Bey v. Franchot, No. PJM 19-1294, 2019 WL 5727461, at *3 (D.Md. Nov. 5, 2019) ("[T]he TIA bars declaratory judgment and injunctive relief . . . ."). Maryland offers a "plain, speedy and efficient remedy" for disputes relating to individual state tax assessments in Md. Code Tax-Gen. § 13-508. Under § 13-508, a person against whom a tax was assessed may submit an application for revision within thirty days of the assessment, after which the Comptroller must hold an informal hearing, act on the application, and issue a notice of final determination. Id. §§ 13-508(a)(1), (c)(1)–(2). Because this adequate state remedy is available to Tomlinson, the TIA bars her suit against the Comptroller in this Court. El-Bey,

12

2019 WL 5727461, at *1, 3–4 (finding § 13-508 provided adequate remedy for plaintiff to dispute Maryland state income tax assessment and dismissing suit under TIA for lack of subject-matter jurisdiction).

### III.   CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motions to Dismiss (ECF Nos. 9, 11, 13). A separate Order follows.

Entered this 7th day of May, 2026.

_____/s/_____
George L. Russell, III
Chief United States District Judge
